MANN, Judge.
The speed limit on either side of Gowers Corner on U. S. 41 is 65 miles per hour. A yellow blinker at the intersection of State Road 52 required appellee’s bus northbound on U. S. 41 to “proceed through the intersection or past such signal only with caution”, Florida Statutes § 317.-063(1) (b) (1967), F.S.A. Appellant, a passenger in a car driven in a westerly direction on State Road 52 into the intersection despite a stop sign and red blinker, objected to the admission of testimony by a traffic engineer as to the average speed of vehicles driven on U. S. 41 past this intersection. It is undisputed that the bus slowed to about 55 miles per hour, less than the timed average at the intersection.
The trial judge determined that the circumstances were substantially the same on the dates nearly three years after the accident when the traffic was timed. The measurement was determined to be done with reasonable scientific accuracy. Hundreds of vehicles were timed, and only those were omitted which were stopping or turning at the intersection or those which came so close together or in such rapid succession that they could not be timed.
Cucinella v. Weston Biscuit Co., 42 Cal.2d 71, 265 P.2d 513 (1954), reversing 257 P.2d 454 (Cal.App.1953) has not the persuasive authority appellee claims for it. An estimate of average speed in excess of the legal limit was admitted as evidence of contributory negligence on the part of a pedestrian who knew the street well and darted back in panic after reaching the center, whereupon she was struck by a vehicle going 36 miles per hour in a 25-mile zone, but this testimony was not offered to prove absence of negligence on the driver’s part.
However, in the case before us there was no specific statutory standard, and admission of the average of a sufficiently large number of instances of crossing under substantially the same conditions, timed with reasonable accuracy, is evidence on which the jury might ground an inference that the bus driver was not negligent. Objections which the appellant had to admission of this evidence on the ground of change in conditions should have been accompanied by some factual proof to the trial judge to contradict the predicate laid by defendants. We are asked to take judicial notice that traffic “in Florida” is heavier around Christmas, when the measurements were made, than on March 25, the date of the accident. This would be bad practice on our part. Our rules afford adequate opportunity to counsel to determine traffic counts at various times on any of our highways. The evidence admitted at the trial of this case is of more probative value than any presuppositions of ours.
We affirm on the narrow ground that where reasonableness of speed of unimpeded traffic, not specifically regulated by law, is in issue, accurate measurements under substantially the same circumstances at the same spot in sufficient number to make the arithmetic mean statistically reliable may be admitted as evidence of reasonable conduct. The trial judge has sufficient opportunity to differentiate between evidence of genuine probative worth and mere forensic gimmickry. See Fuller v. State, 159 Fla. 200, 31 So.2d 259, 263 (1947); annotations, 77 A.L.R.2d 1327, 172 A.L.R. 1141.
Affirmed.
LILES, C. J., and PIERCE, J., concur.